Minute Order Form (06/9)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3733 | DATE | 4/10/2001 |
| CASE TITLE | USA ex rel. Jerry Harris vs. Gary Wyant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. Petitioner Jerry Harris' amended petition for a writ of habeas corpus [23-1] is denied. Judgment is entered in favor of the respondent Gary Wyant and against petitioner Jerry Harris. This case is hereby dismissed with prejudice. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| RO | courtroom deputy's initials |

Date/time received in central Clerk's Office

APR 11 2001 date docketed

APR 10 2001 date mailed notice

Document Number 28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* JERRY HARRIS, <br><br> Petitioner, <br><br> v. <br><br> GARY WYANT, Warden, <br> East Moline Correctional Center, <br><br> Respondent. | No. 00 C 3733 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Jerry Harris petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that the state courts misapplied certain credits to his consecutive sentences for unlawful delivery and armed robbery. Harris claims that his constitutional rights were violated when: (1) the State failed to credit him for time spent in presentence custody for each separate charge, where the sentences for those charges were to be served consecutively; (2) the State failed to award him good conduct credit for each separate charge under which he was being held prior to sentencing; and (3) the State interpreted consecutive sentences as comprising a single term of incarceration. Because the state court's decision and its application of credits to Harris' sentence were eminently reasonable, we deny his amended habeas corpus petition.

## RELEVANT FACTS

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are correct.[1] 28 U.S.C. § 2254(e)(1). Accordingly, we adopt the

---

[1] Harris does not challenge the state courts' factual findings.



facts as set forth by the Illinois Appellate Court in *Harris v. Bridge*, No. 3-99-0112 (Ill. App. Ct. Nov. 23, 1999).

On January 25, 1990, Harris was arrested on a charge of unlawful delivery of a controlled substance. On July 18, 1991, while out on bond, Harris was arrested again on a charge of armed robbery. His bond was revoked, and he was eventually found guilty of both offenses. Harris was sentenced to a three-year prison term on the unlawful delivery charge, to be served consecutively with his twenty-year prison sentence for armed robbery. The Illinois Department of Corrections ("IDOC") calculated that Harris was entitled to 624 days of credit for the time he was in presentence custody between July 18, 1991 and April 2, 1993, the day he entered the IDOC. (R. 26, Answer to Am. Pet. for Writ of Habeas Corpus, Ex. D, Sentence Calculation Worksheet for Jerry Harris.)

On September 9, 1998, Harris filed a petition for mandamus in the Circuit Court of LaSalle County, Illinois, in which he argued that the IDOC misapplied certain credits to his sentence, and that he was entitled to 2,496 days of credit. (*Id.*, Ex. E, Pet. for Mandamus.) Harris claimed that: (1) pursuant to 730 ILCS 5/3-6-3(2.1), he was entitled to 624 days of credit on each charge for which he was detained before trial (*i.e.*, 624 for unlawful delivery and 624 days for armed robbery), for a total of 1,248 days; and (2) pursuant to 730 ILCS 5/5-8-7(b), he was entitled to an additional 624 days of good conduct credit for each charge, for a total of 1,248 days. Combining these figures, Harris requested a total of 2,496 days of credit. On January 29, 1999, the trial court dismissed Harris' petition.

Harris appealed the trial court's decision to the Illinois Appellate Court and raised the following issues for review: (1) the trial court erred in denying Harris credit under 730 ILCS 5/5-

2

8-7(b); (2) the language of 730 ILCS 5/5-8-4(e), mandating that consecutive sentences are to be treated as a single term, was improperly applied to his sentence and violated his constitutional rights; and (3) Harris was entitled to credit for each unrelated offense for which he was held prior to sentencing. (*Id.*, Ex. G, Pet'r's Br. on Appeal.) On November 23, 1999, the Illinois Appellate Court affirmed the trial court's decision. (*Id.*, Ex. I, *Harris v. Bridge*.) On April 5, 2000, the Illinois Supreme Court denied Harris' petition for leave to appeal the appellate court's decision.

Harris subsequently filed this petition for a writ of habeas corpus, amended on November 29, 2000, raising the following arguments: (1) Harris' right to due process was violated when the State failed to credit him for time spent in presentence custody for each separate charge, where the sentences for those charges were ordered to be served consecutively; (2) Harris' rights to due process and equal protection were violated when the State failed to award good conduct credit for each separate charge under which he was being held prior to sentencing; and (3) Harris' right to due process was violated when the State interpreted consecutive sentences as comprising a single term of incarceration. (R. 23, Am. Pet. for Writ of Habeas Corpus.) After setting out the standards for evaluating Harris' petition, we will address each claim in turn.

## HABEAS CORPUS STANDARDS

Initially, a federal court cannot address the merits of a habeas corpus petition unless the Illinois courts have first had a full and fair opportunity to review the petitioner's claims. *See, e.g., Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Illinois courts have had a full and fair opportunity to consider the claims raised in a habeas petition if: (1) the petitioner has exhausted all available state remedies (the "exhaustion" doctrine); and (2) the petitioner has raised all of his claims during the course of the state proceedings (the "procedural default" doctrine). *See, e.g.,*

3

*Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). If the petitioner fails to overcome these two procedural hurdles, the habeas petition is barred. *Id.* In this case, the State concedes that Harris has exhausted all available state court remedies, and the State does not challenge whether Harris raised all of his claims during the course of the state proceedings. (R. 25, Answer to Am. Pet. for Writ of Habeas Corpus at 7-9.)

The standard of review for claims that survive the exhaustion and procedural default analysis is strict. Under the Antiterrorism and Effective Death Penalty Act of 1996, Harris cannot obtain habeas relief unless he establishes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, this Court does not evaluate Harris' claim de novo. Rather, we analyze whether the Illinois Appellate Court's decision reasonably applied Supreme Court precedent to the facts of Harris' case. A state court has reasonably applied Supreme Court caselaw if its application is "at least minimally consistent with the facts and circumstances of the case." *Spreitzer v. Peters*, 114 F.3d 1435, 1442 (7th Cir. 1997). Under this limited analysis, the state court's decision must stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). Having set forth the applicable standards for federal habeas corpus review, and there being no challenge to this Court's jurisdiction, we now address the merits of Harris' claims.

## ANALYSIS

### I. Presentence Custody Credit

Harris first argues that he was entitled to credit for time spent in presentence custody for each of the separate charges of unlawful delivery and armed robbery, where the sentences for

4

those charges were ordered to be served consecutively. As noted above, the IDOC determined that Harris, upon entering the penitentiary, was entitled to 624 days of credit for the time he was in presentence custody, while Harris claims that he should have been awarded 624 days of presentence custody credit for *each* charge, for a total of 1,248 days. The Illinois Appellate Court, in *Harris v. Bridge*, rejected this claim. Citing the Illinois Supreme Court decision in *People v. Latona*, 703 N.E.2d 901 (Ill. 1998), the state court held that "consecutive sentences must be regarded as one 'aggregate' sentence, and [Harris] must be given one day of credit against the aggregate sentence for each day spent in presentence custody," because to do as Harris wished and to award two days of credit for each day spent in presentence custody would be contrary to the legislative intent of the sentencing statutes.[2] (R. 26, Answer to Am. Pet. for Writ of Habeas Corpus, Ex. I, *Harris v. Bridge*.)

We find that the decision of the Illinois Appellate Court was neither contrary to, nor an unreasonable application of, federal law as interpreted by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). In Harris' case, the state court followed established Illinois law, as interpreted by *Latona*, in concluding that Harris was not entitled to 1,248 days of presentence custody credit for the unlawful delivery and armed robbery charges, where he was held for both offenses simultaneously in presentence custody. Therefore, we deny this claim because the

---

[2] *Latona* interpreted 730 ILCS 5/5-8-4(e), which specifically governs the credit granted in cases where, as here, consecutive sentences are imposed. This statute mandates that consecutive sentences be treated as a single term and that credit against that single term be applied only once to the whole. *See Latona*, 703 N.E.2d at 906-07; *People v. Biggs*, 691 N.E.2d 48, 54-55 (Ill. App. Ct. Jan. 23, 1998). We note that Harris' attempt to distinguish *Latona* and to analogize *People v. Robinson*, 667 N.E.2d 1305 (Ill. 1996), to the case at bar, is misplaced. *Robinson* did not involve consecutive sentences nor did it even mention 730 ILCS 5/5-8-4(e). *Id.*

5

Illinois Appellate Court reasonably and correctly awarded Harris 624 days of presentence custody credit.

## II. Good Conduct Credit

Second, Harris argues that he was entitled to good conduct credit for the time spent in presentence custody for each of the separate charges on which he was being held. Again, Harris claims that he should have been awarded 624 days of good conduct credit for *each* charge, for a total of 1,248 days. In rejecting this argument, the Illinois Appellate Court explained that Harris' "custody date" was determined by: (1) identifying the date on which he entered the IDOC (April 2, 1993); and (2) counting backward from that date by the number of days of presentence custody credit awarded to him (624 days). (R. 26, Answer to Am. Pet. for Writ of Habeas Corpus, Ex. I, *Harris v. Bridge*.) From this date, the IDOC calculated Harris' projected release date (January 18, 2003, assuming an award of day-for-day good conduct credit), and his mandatory release date (July 18, 2014, assuming no award of good conduct credit). (*Id.*, Ex. D, Sentence Calculation Worksheet for Jerry Harris.) Based upon these calculations, the state court found that Harris received good conduct credit for each day he was credited with serving, "whether he served that day in the county jail or in the custody of the [IDOC]," and, therefore, the court concluded that Harris "receiv[ed] the credit to which he [was] entitled; he [was] entitled to no more." (*Id.*, Ex. I, *Harris v. Bridge*.)

Again, Harris has failed to show that the Illinois Appellate Court's decision was contrary to, or an unreasonable application of, federal law as interpreted by the United States Supreme Court. The state court followed established Illinois law when it held that, pursuant to both

6

*Latona* and the good conduct statute, 730 ILCS 5/3-6-3(a)(2.1),[3] the IDOC had already awarded Harris the maximum good conduct credits to which he was entitled. Therefore, we deny this claim because the Illinois Appellate Court reasonably and correctly awarded Harris 624 days of good conduct credit for the time he was in presentence custody.

## III. Consecutive Sentences

Finally, Harris complains that the State's policy of combining consecutive sentences into a single aggregate sentence violated his constitutional rights because, according to Harris, the State essentially converted a three-year sentence for a Class 2 felony (unlawful delivery of a controlled substance) and a twenty-year sentence for a Class X felony (armed robbery) into a single Class X felony with an accompanying twenty-three year sentence. This argument is foreclosed by *Garlotte v. Fordice*, 515 U.S. 39 (1995), wherein the Supreme Court held that consecutive sentences should not be treated as separate sentences strung together, but rather, should be viewed "as composing a continuous stream." *Id.* at 41. The Illinois statutes mirror the holding in *Garlotte*. *See* 730 ILCS 5/5-8-4(e) (stating that an inmate serving consecutive sentences is treated as though he was "committed for a single term"). In aggregating Harris' consecutive sentences for unlawful delivery and armed robbery into a single "continuous stream," the Illinois Appellate Court reasonably and correctly applied *Garlotte* and the established Illinois law to Harris' case. Therefore, Harris' final claim is also denied.

---

[3] The good conduct statute states that, "a prisoner who is serving a term of imprisonment shall receive one day of good conduct credit for each day of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2.1).

## CONCLUSION

For the reasons set forth above, we deny Harris' amended petition for a writ of habeas corpus. (R. 23-1.) The Clerk of the Court is instructed to enter judgment pursuant to Federal Rule of Civil Procedure 58.

**ENTERED:**

*/s/ Ruben Castillo*

**Judge Ruben Castillo**
**United States District Court**

**Dated: April 9, 2001**